**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4918-17T1

SPRINGVIEW GARDENS
CONDOMINIUM ASSOCIATION,
INC.,

     Plaintiff-Appellant,

v.

GEORGE SHARP,

     Defendant-Respondent.

_____

> Submitted January 28, 2019 – Decided February 14, 2019
>
> Before Judges Messano and Fasciale.
>
> On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-007867-17.
>
> Cutolo Barros LLC, attorneys for appellant (Jason N. Sena, on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

Plaintiff appeals from a May 23, 2018 order vacating default judgment and dismissing the complaint without notice. The judge entered the order relying on the entire controversy doctrine (ECD), and submitted an amplification of reasons dated August 30, 2018. We reverse, and direct that another judge handle further remand proceedings.

Plaintiff had filed its book-account complaint seeking payment of condominium association fees. Defendant defaulted and plaintiff requested default judgment, which the judge granted without addressing plaintiff's request for counsel fees. Plaintiff wrote the judge about the omission of counsel fees, but did not receive a response. Plaintiff then filed an unopposed motion to correct the order or, alternatively, for reconsideration.

The judge granted the motion for reconsideration, and awarded some attorney's fees and costs. In that order, the judge stated that he would not "award counsel fees for events which transpired well before the filing of this simple collection matter." The judge further stated that the fees sought were "unreasonable." But on that order, the judge used a caption unrelated to this matter. To fix that error, plaintiff's counsel submitted a corrected order under the five-day rule, which then led the judge to email plaintiff's counsel (ex parte) requesting documentation about a lawsuit in a different venue in which the court

2

there had apparently appointed a rent receiver for the unit in question. The judge then entered the order under review.

On appeal, plaintiff argues that the judge violated its due process rights by dismissing the complaint without an opportunity to be heard procedurally and substantively. Plaintiff primarily contends that the judge misapplied the ECD; violated N.J.S.A. 46:8B-17 and the master deed by failing to award it unpaid maintenance fees; and failed to award reasonable counsel fees and costs under N.J.S.A. 46:8B-15.

Although the record was not fully developed at the trial level, apparently plaintiff sought condominium association fees against defendant in a prior book-account complaint in Monmouth County. Plaintiff argues that the case in Monmouth County sought those association fees up to January 2016. Plaintiff says the judgment in that case, which apparently concluded that lawsuit, granted it condominium fees up to that date. Plaintiff argues that the association fees here are for a later period (February 2016 to May 2017) and were not yet due before the entry of the Monmouth County judgment. In his statement of amplified reasons, the judge says the Monmouth County judge retained jurisdiction under paragraph fifteen of her January 24, 2017 order, which in his view, authorized dismissal of this case under the ECD.

A-4918-17T1

It is difficult to reconcile plaintiff's contention that the Monmouth County case ended in a January 2016 judgment, with the January 24, 2017 order, which apparently authorized a Receiver to collect, among other monies, association fees. That aside, plaintiff was not given the chance to address the judge's inclination to vacate the default judgment and dismiss this lawsuit on ECD grounds. We therefore reverse the May 23, 2018 order, remand, and direct the court to address any outstanding issues, including whether or not plaintiff is entitled to default judgment based on the ECD, and, if so, the amount of that judgment. In light of the procedural history and in fairness to the parties and judge, a different judge should handle the remand proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4918-17T1